### Earl Cox, Appellee, v. The Chicago & Alton Railroad Company, Appellant.

FIRE COMMUNICATED BY LOCOMOTIVE—*when judgment reversed with finding of facts.* A judgment against a railroad company will be reversed with a finding of facts in its favor where the jury with their general verdict rendered special findings supported by the evidence to the effect that the engine in question was equipped with the latest and most approved methods of arresting and preventing the escape of fire, and also to the effect that such engine was skillfully handled.

Action in case. Appeal from the Circuit Court of Morgan county; the Hon. OWEN P. THOMPSON, Judge, presiding. Heard in this court at the May term, 1910. Reversed with finding of fact. Opinion filed December 7, 1910.

KIRBY, WILSON & BALDWIN, for appellant.

J. MARSHALL MILLER, for appellee.

MR. JUSTICE PHILBRICK delivered the opinion of the court.

This is an action brought by Earl Cox to recover from the Chicago and Alton Railroad Company for the loss of corn standing in the field along and adjacent to the right of way of the railroad company.

The declaration contains two counts; the first count charges negligence in permitting dry grass, weeds and combustible materials to accumulate and grow upon the company's right of way and by means whereof a fire starting and originating in the said right of way was thereby communicated to the field of said Cox, by reason whereof his corn was damaged and destroyed.

The second count of the declaration charges negligence in a failure to properly equip and provide the latest methods and devices for arresting and preventing the escape of fire from the engine of the railroad company and in carelessly and negligently handling and operating the said engine of the railroad company, and that by reason thereof fire damaged and destroyed certain corn then standing in the field, property of said Cox.

The jury returned a general verdict in favor of Cox and upon special interrogatories submitted by the railroad company the jury found that the engine was properly equipped with the latest and most approved appliances for the arresting and preventing of the escape of fire; it also found that the engine was not negligently or carelessly handled and operated by the servants of the railroad company. The general verdict returned by the jury fixed the damages at $206.25 and $25 as a reasonable attorney's fee. Judgment was rendered on the verdict, and to reverse that judgment this appeal is prosecuted.

The special findings of fact by the jury entitled ap-

lant to a judgment upon the second count of the declaration, notwithstanding the general verdict of the jury, and if the verdict of the jury can be upheld in this case it must be alone upon the charge of negligence contained in the first count of the declaration, that charge being that it was the duty of appellant to keep its right of way free from dry grass and weeds so that fire from a locomotive engine and train would not by means of such dry grass and weeds spread and be communicated therefrom to the field of corn of appellee, but not regarding that duty appellant negligently suffered large quantities of dry grass and weeds to accumulate, etc., by means whereof fire emitted and thrown from a certain locomotive engine then and there ignited the dry grass and weeds and spread and was communicated to and upon the field of corn of the plaintiff.

The record in this case discloses that on October 15, 1908, at about 12:05 P. M., a passenger train passed along the field of appellee on appellant's right of way and that the fire was seen about twenty minutes after the train had passed. The fire was first discovered by one Frank Tally who was husking corn at that time in a field on the west of the Cox farm, then being farmed by one Trotter. Tally says that when he discovered the fire it was then so close to him he had to get into his wagon and get out as fast as he could. The fire was then burning in both fields of corn. Tally says when he discovered the fire it was half way across the field. It was then a quarter of a mile away from the railroad. He did not see the fire start. After leaving the corn field Tally with two or three other parties, after fighting the fire, went down to the right of way of the railroad. The fire had been and was then burning upon the right of way of the railroad company, but the record in this case does not disclose and there is no proof that the fire originated upon appellant's right of way. None of the witnesses were able to say where the fire started or that it started upon the right of way. When the witnesses reached the right of way it was

burning in both the field and the right of way and was then burning on the right of way as a back fire; and while it has been held sufficient that a fire starting or being discovered almost immediately or soon after the passing of a railroad train upon the railroad right of way, where there is no proof of any other means by which the fire might have reasonably been communicated, this is sufficient to raise the presumption and make a *prima facie* case that the fire was communicated by fire escaping from the engine, but we are not aware and are not disposed to hold that such fact is sufficient to raise the presumption or make a *prima facie* case that the fire originated upon the right of way of the railroad company and was then communicated to the adjoining fields. The presumption is just as great and just as reasonable that the fire originated in the adjoining field as that it originated upon the right of way and the plaintiff in this case being required to prove the specific charge of negligence in the first count of his declaration by a preponderance of the evidence that the fire originated on the right of way and from that right of way was communicated to the adjoining field.

The fact that the jury in this case found that the engine was equipped with the latest and most approved methods of arresting and preventing the escape of fire and was skillfully handled, disposes of the allegation that the fire was negligently and carelessly permitted to escape from this engine and under the verdict of the jury in this case, although the fire may have been communicated to the field by fire escaping from the engine, unless this fire originated in the dry grass on the right of way of appellant, there can be no recovery in this case and appellee has failed to establish that fact by any evidence in this record.

The judgment must therefore be reversed and the clerk will enter in the judgment herein a finding that the evidence fails to show that the fire originated on the right of way of appellant.

*Reversed with finding of fact.*